Jonathan P. Schmidt (SBN 293290)
Jonathan.Schmidt@jacksonlewis.com
Lauren B. Shelby (SBN 312879)
Lauren.Shelby@jacksonlewis.com
JACKSON LEWIS, P.C.
200 Spectrum Center Drive, Suite 200
Irvine, California 92660
Telephone:   (949) 885-1360

Attorneys for Defendant
BLUE BOTTLE COFFEE, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYAN MOREJON, an individual,<br><br>                    Plaintiff,<br><br>       vs.<br><br>BLUE BOTTLE COFFEE, LLC, a Delaware limited liability company; MARIANA MAYER, an individual; and DOES 1 through 20, inclusive,<br><br>                    Defendants. | **CASE NO.** 2:26-cv-2614<br><br>[Removed from Los Angeles County Superior Court, Case No. 26STCV03996]<br><br>**DEFENDANT BLUE BOTTLE COFFEE, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(a) AND (b), AND 1446 (DIVERSITY JURISDICTION)**<br><br>[Filed concurrently with Declaration of Kim Foreman; Declaration of Lauren B. Shelby; Notice of Interested Parties; Corporate Disclosure Statement; and  Civil Cover Sheet]<br><br>Complaint Filed:   February 6, 2026<br>Trial Date:          Not Set |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF BRAYAN MOREJON, AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant Blue Bottle Coffee, LLC ("Blue Bottle" or "Defendant") invokes this Court's jurisdiction under 28 U.S.C. §§ 1332, 1441(a), and 1441(b) to remove the above-entitled action to this Court from the Superior Court of the

State of California, County of Los Angeles ("Los Angeles County Superior Court"), based on diversity jurisdiction.

## BACKGROUND AND STATE COURT PLEADINGS

1.     On February 6, 2026, Plaintiff Brayan Morejon ("Plaintiff") filed a civil Complaint against his former employer Blue Bottle and individual defendant Mariana Mayer ("Mayer"), a non-supervisor Human Resources employee at Blue Bottle, in Los Angeles County Superior Court entitled, *Brayan Morejon v. Blue Bottle Coffee, LLC, et al.*, Case No. 26STCV03996 (the "Complaint").

2.     In the Complaint, Plaintiff alleges the following causes of action against Blue Bottle: (1) disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure to provide reasonable accommodations in violation of FEHA; (3) failure to engage in a good faith interactive process in violation of the FEHA; (4) harassment in violation of the FEHA; (5) retaliation in violation of the FEHA; (6) LC 1102.5 Whistleblower Retaliation; (7) wrongful termination in violation of public policy; (8) retaliation in violation of public policy; (9) intentional infliction of emotional distress; (10) negligent infliction of emotional distress; and (11) Unfair Business Practices.   Plaintiff also alleges the fourth, ninth, and tenth claims, harassment in violation of FEHA, intentional infliction of emotional distress, and negligent infliction of emotional distress against Mayer.  Shelby Decl., ¶ 2; Exh. 1, Complaint.

3.     Under 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers or exhibits of every kind available to Blue Bottle are attached to the Declaration of Lauren B. Shelby concurrently filed with Blue Bottle's Notice of Removal, as follows:

- o Exhibit 1: Complaint for Damages filed by Plaintiff on February 6, 2026.
- o Exhibit 2: Civil Case Cover Sheet filed by Plaintiff on February 6, 2026.
- o Exhibit 3: Civil Case Cover Sheet Addendum filed by Plaintiff on February 6, 2026.
- o Exhibit 4: Summons issued and filed by Plaintiff on February 6, 2026.
- o Exhibit 5: Notice of Case Assignment Issued by the Court on February 6, 2026.

o Exhibit 6: Alternative Dispute Resolution Information Package Issued by the Court on February 6, 2026.

o Exhibit 7: Notice of Case Management Conference Issued by the Court on February 9, 2026.

o Exhibit 8: Court Clerk's Certificate of Service of Case Management Conference Issued by the Court on February 9, 2026.

o Exhibit 9: Proof of Service of Summons on Complaint on Blue Bottle filed by Plaintiff on February 10, 2026.

o Exhibit 10: Proof of Substituted Service of Summons on Complaint on Mayer filed by Plaintiff on February 18, 2026.

o Exhibit 11: Blue Bottle's Answer to Plaintiff's Complaint filed on March 10, 2026.

Shelby Decl., Exh. 1-11.

4.       On February 9, 2026, Plaintiff served Blue Bottle personally with the Summons and Complaint.  Plaintiff filed the Proof of Service on February 10, 2026.  Shelby Decl., Exh. 9.  On March 10, 2026, Blue Bottle filed an Answer to the Complaint. *Id.*, Exh. 11.  Plaintiff filed a Proof of Service for purported substituted service on Defendant Mayer on February 18, 2026.  *Id.*, Exh. 10.  Blue Bottle is informed and believes that no "Doe" defendants have been served with a Summons and/or the Complaint in the pending action.  *Id.*, ¶ 8.  Other than the aforementioned pleadings, there have been no other pleadings filed in the state court action.

## **THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION**

5.       The Court has jurisdiction over this civil action because: (1) there is complete diversity of citizenship between Plaintiff and Blue Bottle; (2) the only non-diverse defendant, Mayer, was never properly served and was fraudulently joined; and (3) the amount in controversy exceeds $75,000.

6.       This Court's subject-matter jurisdiction is based upon diversity of citizenship.  Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over all civil actions between citizens of different states or citizens of a state and citizens of a

foreign state where the amount in controversy exceeds the sum or value of $75,000.  For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal.  *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).  The Court only considers the citizenship of "properly joined and served" parties.  28 U.S.C. § 1441(b)(2).  Moreover, removal is proper despite the presence of a non-diverse defendant, if that defendant is a "fraudulently joined" or a "sham" defendant.  *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### Diversity of Citizenship

7.    Plaintiff is a Citizen of California.  To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state.  *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983).  In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

8.    Plaintiff alleges in the Complaint that he has "resided in California at all times relevant" and that at all times mentioned during his employment he was "was employed in Culver City within Los Angeles County in California," at Blue Bottle's Culver City location in California.  Exh. 1, Complaint at ¶¶ 1, 6.  Plaintiff was employed by Blue Bottle from April 1, 2023 to on or about October 29, 2025.  Foreman Decl., ¶ 5.  Also, during his employment and at the time of his separation, Plaintiff provided a Los Angeles County, California home address to Blue Bottle.  *Ibid*; *see, e.g.*, *Zavala v. Deutsche Bank Tr. Co. Ams*., 2013 U.S. Dist. LEXIS 96719, at *9 (N.D. Cal. July 10, 2013) ("A party's residence is 'prima facie' evidence of domicile. In the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes.") (internal citations omitted).  Accordingly, Plaintiff is a citizen of the State of California.

9.    Blue Bottle is a Citizen of Delaware and Virginia.  Blue Bottle Coffee, LLC is not a citizen of California.  For diversity purposes, a limited liability company is a citizen of the state of citizenship of each of its members.  *NewGen LLC v. Safe Cig, LLC*,

840 F.3d 606, 612 (9th Cir. 2016). The sole member of Blue Bottle is Nestle USA, Inc. Foreman Decl., ¶ 3. Nestle USA, Inc. is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Virgina. *Id*. As such, Blue Bottle is a citizen of the states of Delaware and Virginia only.

10. <u>Mayer's Citizenship Must Be Disregarded</u>. Individual Defendant Mayer was not properly served and she was fraudulently joined, as there is no colorable claim that exists against her. As such, the Court must disregard her citizenship when evaluating whether diversity jurisdiction exists at the time of removal.

11. *Improper Service*. Plaintiff did not properly serve Mayer pursuant to California Code of Procedure section 415.20, *et seq*. Plaintiff attempted service exclusively at the worksite location where Plaintiff worked, 8830 Washington Blvd., Suite 103, Culver City, California 90232, not where Mayer worked. Exh. 1, Complaint ¶¶ 6-7; Foreman Decl., ¶ 5. According to Plaintiff's proof of substituted service, Exhibit 10, the process server attempted to personally serve Mayer on three different occasions at 8830 Washington Blvd., Suite 103, Culver City, California 90232. Exh. 10. During the first service attempt on February 10, 2026, as noted in the process server's declaration, the worksite manager ("Chris") informed the server that Mayer did not work at the location. *Id.* During the second attempt on February 12, 2026, the process server was again informed by the store manager that Mayer was "HR and located in San Francisco" not at that location. *Id*. Despite receiving this information, the process server returned to the same location for a third attempt of personal service, on February 14, 2026, where the server left the summons and complaint with "Drew Gonzalez," who was a "Team lead," at the worksite and thereafter on February 17, 2026, the server mailed the documents to Mayer at the same worksite address. *Id*. These actions do not constitute valid service.

12. A good-faith effort must be made to personally serve a natural person before substitute service is attempted. Although there is no set standard, ordinarily, two or three attempts at personal service with a ***proper*** address should satisfy the requirement of reasonable diligence and allow substituted service to be made. *See Bein v. Brechtel-*

*Jochim Group, Inc.*, 6 Cal.App.4th 1387, 1391-92 (1992).  Not only did Plaintiff fail to properly attempt personal service, he was aware that the worksite location was not Mayer's usual place of business.  Substituted service at a workplace requires delivery to a person apparently in charge at a defendant's usual place of business, followed by mailing to that same location.  Cal. Code Civ. Proc., § 415.20(b).  Because Mayer does not work at the location where service was attempted, the site is not her usual place of business, and service there is ineffective.  The process server was expressly informed—on multiple occasions—that Mayer did not work at that location, yet Plaintiff nevertheless proceeded to attempt substituted service there.

13.  Accordingly, Plaintiff has not properly served Mayer, and her citizenship should be disregarded for purposes of determining diversity jurisdiction.  *See Dechow v. Gilead Scis., Inc.*, 358 F.Supp.3d 1051 (C.D. Cal. 2019) ("The text of § 1441(b)(2) is unambiguous," and "[i]ts plain meaning precludes removal on the basis of in-state citizenship only when the defendant has been properly joined ***and served***.").  Even if Plaintiff had properly served Mayer, her citizenship should still be disregarded because she has been fraudulently joined, as Plaintiff cannot state a viable claim against her, as discussed below.

14.  *Fraudulent Joinder*.  "If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity."  *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks and citations omitted).  In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.  *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989).

15.  The Complaint contains virtually no factual allegations specific to Mayer.  The only allegation directed at her is that she is an HR employee who purportedly

CASE NO. 6 DEFENDANT BLUE BOTTLE COFFEE, LLC'S NOTICE OF REMOVAL,

"harassed" Plaintiff by informing him that his sick time did not apply to certain absences. Exh. 1, Complaint ¶ 20.  That allegation, even if accepted as true, does not state a viable claim against Mayer under California law.[1]

16.    Plaintiff's disability harassment claim against Mayer fails because the alleged conduct falls squarely within the scope of Mayer's routine job duties as an HR employee.  Under California law (FEHA), harassment requires a plaintiff to establish that (1) he is a member of a protected group; (2) he was subjected to harassment because he belonged to this group; and (3) the alleged harassment was so severe or pervasive that it created a hostile work environment.  *See Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1244 (9th Cir. 2013).  Actionable harassment "cannot be occasional, isolated, sporadic, or trivial[;] rather, the plaintiff must show a concerted pattern of harassment of a repeated, routine or a generalized nature...."  *Thompson v. City of Monrovia*, 186 Cal.App.4th 860, 877 (2010) (citing *Aguilar v. Avis Rent A Car System, Inc.*, 21 Cal.4th 121, 129 (1999)).  Harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives.  Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job.  *Reno v. Baird*, 18 Cal.4th 640, 645-47 (1998).  Courts have consistently held that "commonly necessary personnel management actions such as hiring and firing,

---

[1] A complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[B]are assertions . . . amounting to nothing more than a 'formulaic recitation of the elements'" of a claim "are not entitled to an assumption of truth") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)).  In this regard, courts may not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) ("Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").

job or project assignments, officer or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning of harassment." *Id.* (quoting and adopting the analysis of *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 63-65, (1996))—and cannot form the basis of an individual harassment claim. The Complaint alleges only that Mayer communicated a position regarding Plaintiff's use of sick time. Such conduct constitutes ordinary personnel management activity and therefore cannot support a harassment claim against an individual employee.

17. Plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress likewise fail. Plaintiff has not alleged that Mayer was his supervisor or that she terminated him. He only alleges that she responded to one email regarding the applicability of sick leave. To state a claim for intentional infliction of emotional distress under California law, a plaintiff must allege (1) extreme and outrageous conduct by defendants with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the suffering of severe or extreme emotional distress; and (3) the fact that the outrageous conduct actually and proximately caused the distress. *Barsell v. Urban Outfitters, Inc.*, 2009 U.S. Dist. LEXIS 123475, (C.D. Cal. July 1, 2009). California courts have dismissed such claims when they arise from personnel management decisions undertaken within the scope of employment. *Accardi v. Superior Court*, 17 Cal.App.4th 341, 352-353 (1993). While some courts have held that supervisors may be sued for intentional infliction of emotional distress where the claim arises from managerial conduct that violated the public policies contained in FEHA, those claims must be properly pleaded. *Asurmendi v. Tyco Electronics Corp.*, 2009 U.S. Dist. LEXIS 22978 (N.D. Cal. March 11, 2009). The conduct alleged here— an HR representative communicating a determination regarding the applicability of sick leave—is the type of workplace management activity that cannot support emotional distress claims against a non-supervisory individual employee.

18. Given that the only conduct attributed to Mayer involves actions taken obviously within the scope of her role as a human resources employee, the Complaint does not state and cannot state a viable claim against her. Accordingly, Mayer has been fraudulently joined, and her citizenship must be disregarded for purposes of determining diversity jurisdiction.

19. <u>The Citizenship of the Doe Defendants Must Be Disregarded</u>. Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants is disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). The existence of Doe defendants 1 through 20, inclusive, does not deprive this Court of jurisdiction as the citizenship of Doe defendants is disregarded.

20. Accordingly, Plaintiff is a citizen of a state different from Blue Bottle, and therefore complete diversity exists between the parties for federal jurisdiction.

## The Amount in Controversy Exceeds $75,000

21. This action also meets the amount in controversy requirement. 28 U.S.C. § 1332(a) authorizes the removal of cases in which, among other factors above, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Without admitting that Plaintiff could recover any damages and without conceding Plaintiff will prevail on his claims (which Blue Bottle expressly denies), Blue Bottle asserts that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, for the reasons discussed below.

22. The Complaint does not specify the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice

does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00).

23.    A "defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 89 (2014).  A removing defendant can establish the amount in controversy by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional minimum.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) ("A defendant seeking removal…must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy."); *Steele v. Grainger, Inc.*, 2013 U.S. Dist. LEXIS 81381, at *14 (S.D. Cal. June 10, 2013) (noting that "a plaintiff cannot … lower the amount of monetary relief requested in an attempt to evade federal jurisdiction").

24.    When determining whether the amount in controversy exceeds $75,000.00, the Court can consider the aggregate value of claims for compensatory damages and attorneys' fees recoverable by statute, such as Plaintiff's FEHA claims at issue in this case and his Labor Code claims.  *See e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002); *see also Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ("It is settled that the statutory penalty and a statutory attorneys' fees can be considered in determining whether the jurisdictional amount is met.").

25.    In analyzing whether the amount in controversy exceeds $75,000.00, the Court must presume the plaintiff will prevail on each and every one of his or her claims. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.993, 1001

(C.D. Cal. 2002). The amount in controversy is "simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010); *see also Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). The argument and facts set forth may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. Further, a plaintiff's own estimate of his or her claims can be used as relevant evidence of the amount in controversy where it reflects reasonable estimate. *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim").

26. Blue Bottle denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or penalties and assuming for the sake of argument the truth of Plaintiff's allegations, it is readily apparent that Plaintiff's claims establish an amount in controversy in excess of the jurisdictional minimum of $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332. And Plaintiff has admitted as such. In a pre-litigation demand to Defendant, Plaintiff alleged his claims against Defendant are valued at $132,000, which is evidence that the amount in controversy here exceeds $75,000. Shelby Decl., ¶ 9, Exh. 12; *Cohn,* 281 F.3d at 840.

27. Notwithstanding Plaintiff's own valuation of his claims establishes the amount in controversy threshold is surpassed, Plaintiff seeks economic damages for lost wages, general, special, and incidental damages, emotional distress damages, punitive damages, restitution, civil penalties, pre-judgment interest, injunctive and declaratory relief, and attorneys' fees and costs, which as shown herein also establish that the amount in controversy is satisfied. Exh. 1, Complaint, ¶¶ 25, 32-35, 40-43, 46-51, 58-61, 70-73, 78-79, 85-87, 93-94, 103-107, 110, 112, 116; Prayer for Relief.

28. <u>Amount in Controversy as to Economic Damages (FEHA Lost Wages).</u> Plaintiff's request for economic damages, including lost wages and benefits, satisfies the amount in controversy requirement. Prevailing plaintiffs in employment cases are generally entitled to past and future loss of earnings. *Villacorta v. Cemex Cement, Inc.*, 221 Cal.App.4th 1425, 1432 (2013); *see also Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413, 427 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings."). Both past and future loss of earnings are considered for purposes of calculating the amount of controversy, even though the amount of controversy is assessed at "the time of removal." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("…[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recover them.").

29. Based on the latest publicly available Federal Court Management Statistics, published by the United States government, in the Central District of California, the current median time from filing to trial in a civil action is 25.5 months. Shelby Decl., ¶ 10; Exh. 13. Assuming this action was to proceed to trial on February 7, 2028 (a conservative estimate of two years from the date Plaintiff filed his Complaint), approximately 118.9 weeks will have passed since Plaintiff's termination on October 29, 2025. Assuming Plaintiff can establish liability, Plaintiff could seek to recover approximately $101,065.00 in lost wages.[2] Foreman Decl., ¶ 5. In sum, Plaintiff's potential lost wages alone exceed the $75,000 amount in controversy requirement.

30. If Plaintiff prevails, he would also potentially be entitled to an award of front pay. Assuming a conservative front pay award of one (1) year, Plaintiff could seek to

---

[2] Plaintiff's weekly rate of pay was $850.00 ($21.25/hour x 40 hours/week). Foreman Decl., ¶ 5. Multiplying Plaintiff's weekly rate of $850.00 by 118.9 weeks totals $101,065.00.

---

CASE NO.                    12        DEFENDANT BLUE BOTTLE COFFEE, LLC'S NOTICE OF REMOVAL,

recover $44,200 calculated as follows: $850 weekly rate x 52 weeks.  Foreman Decl., ¶ 5; *see Downes v. Volkswagen of Am.*, 41 F.3d 1132, 1143-44 (7th Cir. 1994) (holding award of front pay for two years' worth of wages was reasonable in employment discrimination action).  Together, Plaintiff's potential recovery for front pay and lost wages exceed the amount in controversy requirement and could total **$145,265.00**, exclusive of emotional distress damages or attorneys' fees Plaintiff also seeks to recover if he prevails on his FEHA claim.

31.    Amount in Controversy as to Emotional Distress Damages.  Plaintiff seeks damages for his emotional distress.  Emotional distress awards in excess of $75,000 are routinely awarded in employment discrimination cases.  *See, e.g., Canales v. Performance Food Grp., Inc.,* 2017 U.S. Dist. LEXIS 197363 at *10-12 (C.D. Cal. Nov. 30, 2017) (noting that emotional distress damages in employment discrimination actions may range from $25,000 to over $100,000); *Sasso v. Noble Utah Long Beach, LLC,* 2015 U.S. Dist. LEXIS 25921 at *12-14 (C.D. Cal. March 3, 2015) (holding amount in controversy was satisfied because in employment discrimination and failure to accommodate cases, emotional distress damages can range from $125,000 to $500,000); *Simmons*, 209 F.Supp.2d at 1033-34 (noting that emotional distress damages in employment actions are often substantial); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) (same).

32.    Amount in Controversy as to Penalties.  Pursuant to Labor Code section 1102.5(f), Plaintiff seeks $10,000 in civil penalties for his claim of Violation of Labor Code section 1102.5.

33.    Amount in Controversy as to Attorneys Fees.  Plaintiff also seeks attorneys' fees pursuant to Government Code section 12965 (FEHA) and Labor Code section 1102.5. Exh. 1, Complaint, ¶¶ 35, 43, 51, 61, 73, 78, 87; Prayer for Relief ¶ 8.  Attorneys' fees may be awarded to a prevailing plaintiff in a FEHA action and included in the amount in controversy calculation if they are recoverable by statute or contract.  *See* Cal.

Govt. Code § 12965(b); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

34. The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. *See e.g., Simmons*, 209 F.Supp.2d at 1035 (attorneys' fees in individual employment discrimination cases often exceed damages). Indeed, cases in the Ninth Circuit firmly establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. *See Galt G/S*, 142 F.3d at 1155-56. Furthermore, such fees are calculable beyond the time of removal. *Simmons*, 209 F.Supp.2d at 1035; *see also Serrano v. Unruh*, 32 Cal.3d 621, 639 (1982) ("We hold therefore that, absent circumstances rendering the award unjust, fees recoverable under § 1021.5 ordinarily include compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim."); *Velasquez v. Khan*, 2005 U.S. Dist. LEXIS 28956, at *11 (E.D. Cal. Sep. 28, 2005) (awarding reasonable attorneys' fees, pursuant to §1021.5, of $192,555.00); *Castro v. Chang Sup Han (In re Chang Sup Han)*, 2015 Bankr. LEXIS 3210, at *32 (Bankr. C.D. Cal. Sep. 22, 2015) (awarding fees of $138,866.50, costs of $9,377.42, a total of $148,243.92 under § 1194(a) and § 1021.5).

35. District courts in the Ninth Circuit have found that a reasonable attorney rate for employment cases is $300 per hour. *See Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015); *Aguilar v. Wells Fargo Bank, N.A.*, 2015 WL 6755199, at *7 (C.D. Cal. Nov. 4, 2015); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1011 (N.D. Cal. 2002). Estimates for the number of hours spent through trial for employment cases range from 100 to 300 hours. *See Sasso*, 2015 WL 898468, at *6; *Sawyer v. Retail Data, LLC,* 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (finding an estimate of 300 hours to be expended on a wrongful termination claim was reasonable); *Mendez v. Wal-Mart Assocs.*, 2023 U.S. Dist. LEXIS 37278, at *8 (S.D. Cal. Mar. 6, 2023); *Tijerina v. Alaska Airlines, Inc.*, 2022 U.S. Dist. LEXIS 140096, at *23-24 (S.D. Cal. Aug. 5, 2022).

36.    Here, Plaintiff is represented by the law firm Kluft Law P.C.  Specifically, by Mr. Stuart Kluft.  Mr. Kluft was admitted to the California bar in June 2017 (see https://apps.calbar.ca.gov/attorney/Licensee/Detail/315081).  Shelby Decl., ¶ 11.  Blue Bottle's counsel, Jonathan P. Schmidt and Lauren B. Shelby, have represented employers in employment litigation for over 13 years and 9 years, respectively, in California, and are familiar with fees requested by plaintiffs' counsel in similar actions filed in California state and federal courts alleging FEHA claims, Labor Code claims, and related claims. *Id.*, ¶ 12.  Based on Plaintiff's counsel's experience, it is not unreasonable to expect a billing rate of at least $300 per hour.  *Id.*  Thus, at a rate of $300/hour, attorneys' fees would reach $30,000 after just 100 billable hours.  *Id.*

37.    It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount if Plaintiff prevails at trial as the potential recovery here for compensatory damages, penalties, and attorneys' fees equates to $185,265.00, which establishes that the amount in controversy exceeds the jurisdictional requirement under 28 U.S.C. § 1332.

## THIS REMOVAL NOTICE IS PROCEDURALLY PROPER

38.    Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441 and 1446 because this action originally was brought within a county encompassed by this Court and because it is the judicial district where Plaintiff resides and where the causes of action arose.  Plaintiff served his Complaint on Blue Bottle on February 9, 2026.  Pursuant to 28 U.S.C. § 1446(b), Blue Bottle has filed this Notice of Removal within the time permitted for removal of complaints because this matter only became removable on February 9, 2026, and this removal occurred within 30 days of that date.

## NOTICE OF REMOVAL TO PLAINTIFF AND THE STATE COURT

39.    The undersigned counsel certifies that a copy of the filing of this Notice of Removal in the United States District Court for the Central District of California will be promptly served upon counsel for Plaintiff and filed with the Clerk of the Superior Court

of California, County of Los Angeles, as required by 28 U.S.C. § 1446(d). All procedural requirements under 28 U.S.C. § 1446 have been satisfied.

**CONCLUSION**

40.  Blue Bottle respectfully requests that this Court proceed with this matter as if the case had been originally filed in the U.S. District Court for the Central District of California.

DATED: March 11, 2026          JACKSON LEWIS P.C.


                               By:   */s/ Lauren B. Shelby*
                                     Jonathan P. Schmidt
                                     Lauren B. Shelby

                                     Attorneys for Defendant
                                     BLUE BOTTLE COFFEE, LLC